PELICAN BAY LUMBER CO., PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 6354.    Promulgated January 3, 1928.

*Clarence Coonan, Esq.*, and *A. Porter Robinson, C. P. A.*, for the petitioner.

*Thomas P. Dudley, Esq.*, for the respondent.

**OPINION.**

MARQUETTE: The petitioner contends that as the result of the destruction of its mill and the subsequent replacement thereof, it sustained a loss in the amount of $123,278.81, and that as it did not know in 1919, the year in which the fire occurred, what the replacement cost of the mill would be, it is entitled to deduct the amount of the loss in the year 1920, when the replacement was completed and the cost thereof fixed and ascertained. The respondent contends that the petitioner in fact sustained no loss but on the other hand realized a gain which, but for the relief provided by section 234 (a) (14) of the Revenue Act of 1921, would be taxable, and that the excess of the cost of the new mill over the amount of the insurance received on the old mill should be capitalized.

The Revenue Act of 1918 provides that in computing the net income of a corporation there shall be allowed as a deduction " losses sustained during the taxable year and not compensated for by insurance or otherwise." It also provides that the basis for ascertaining the

gain derived or loss sustained from the " sale or other disposition " of property acquired after March 1, 1913, shall be the cost thereof. Section 234 (a) (14) of the Revenue Act of 1921 provides that:

(14) If property is compulsorily or involuntarily converted into cash or its equivalent as a result of (A) its destruction in whole or in part, (B) theft or seizure, or (C) an exercise of the power of requisition or condemnation, or the threat or imminence thereof; and if the taxpayer proceeds forthwith in good faith, under regulations prescribed by the Commissioner with the approval of the Secretary, to expend the proceeds of such conversion in the acquisition of other property of a character similar or related in service or use to the property so converted, or in the acquisition of 80 per centum or more of the stock or shares of a corporation owning such other property, or in the establishment of a replacement fund, then there shall be allowed as a deduction such portion of the gain derived as the portion of the proceeds so expended bears to the entire proceeds. The provisions of this paragraph prescribing the conditions under which a deduction may be taken in respect of the proceeds or gains derived from the compulsory or involuntary conversion of property into cash or its equivalent, shall apply so far as may be practicable to the exemption or exclusion of such proceeds or gains from gross income under prior income, war-profits and excess-profits tax Acts.

We can not subscribe to the petitioner's contention that as the result of the destruction of its mill and equipment by fire it sustained a loss within the meaning of the Revenue Act of 1918. It appears that the mill and equipment were erected or acquired subsequent to March 1, 1913, at a cost of $124,641.25; that their depreciated cost at the date of the fire was $98,202.83, and that insurance was collected in the amount of $164,852.64. The petitioner, therefore, by this involuntary conversion of the property, instead of sustaining a loss, realized a taxable gain to the extent that the amount of insurance collected exceeded the depreciated cost of the property. *Appeal of Piedmont-Mt. Airy Guano Co.*, 3 B. T. A. 1009. However, since the petitioner used the entire amount of insurance in replacing the destroyed property, it is entitled, under section 234 (a) (14) of the Revenue Act of 1921, to deduct from gross income an amount equal to the gain derived from the receipt of the insurance. In other words, the deduction exactly offsets the gain. But section 234 (a) (14) can not be construed to authorize in any case a deduction greater than the amount of gain actually realized from the conversion of the property.

The petitioner has cited several decisions of this Board in support of its petition but we do not consider that they are in point here and we deem it unnecessary to discuss them.

For the reasons stated we are of the opinion that the petitioner did not sustain a loss from the destruction of its mill, and we are also of the opinion that the respondent properly capitalized the

amount by which the cost of the new mill exceeded the amount of the insurance collected on the old mill.

*Judgment will be entered for the respondent.*

Considered by PHILLIPS and MILLIKEN.