Samber Estates, Inc. v. Commissioner.
Samber Estates, Inc. v. Commissioner
Docket No. 25444.
United States Tax Court
1952 Tax Ct. Memo LEXIS 321; 11 T.C.M. (CCH) 148; T.C.M. (RIA) 52041; February 19, 1952
*321 Petitioner realized no gain upon the receipt of compensation for damages to its property where the amount of the compensation was less than petitioner's adjusted basis for the property. H. P. Forrest, Esq., and James Knight, Esq., for the petitioner. Percy C. Young, Esq., for the respondent. ARUNDELL
Memorandum Findings of Fact and Opinion The respondent has determined the following deficiencies in petitioner's income and excess profits tax liability for the taxable years 1946 and 1947: Declared Value Excess
Excess
Taxable Year
Income Taxes
Profits Taxes
Profits Taxes
1946
$3,717.74
$2,510.64
$1,947.43
1947
1,510.52
Several of the issues raised in the pleadings have been settled by *322 stipulation leaving for our decision the following questions: (1) whether the petitioner realized gain in the taxable year 1946 from the receipt of compensation for damages to its hotel property and, if so, whether the gain is taxable as capital gain or ordinary income; and (2) whether the sum of $5,179 received by the petitioner in the taxable year 1947 from its lessee constituted taxable income or reimbursement for an inventory shortage. The stipulated facts are found as stipulated. Findings of Fact The petitioner, a Florida corporation with its principal office in Miami Beach, Florida, filed its income tax returns for the taxable years ended March 31, 1946, and March 31, 1947, with the Collector of Internal Revenue at Jacksonville, Florida. On October 15, 1943, the petitioner purchased property in Miami Beach, Florida, known as the Dorset Hotel which was then occupied by the United States Government as quarters for military personnel under a lease executed May 18, 1942. The lease provided that the United States was obligated before the expiration or renewal of the lease to restore the premises to the same condition existing at the time it took possession, reasonable and *323 ordinary wear and tear, and damages by the elements excepted. On November 27, 1945, the Government, in lieu of performance of the restoration required by the lease, paid to the petitioner $26,945 in consideration of the difference between the value of said improvements and the estimated cost of restoration. The Government vacated the premises on or about December 1, 1945. The $26,945 sum was less than the damage or property loss caused by the Government's occupancy, reasonable wear and tear and damages by the elements excepted. In September, 1945, the Dorset Hotel, a farm, and other property owned by the petitioner known as the Amsterdam Palace, were damaged by a hurricane. On December 14, 1945, and January 23, 1946, the petitioner received insurance proceeds in the amounts of $4,839.65 and $1,674, respectively, as compensation for hurricane damage to the Dorset Hotel; and on October 5, 1945, and December 26, 1945, received insurance proceeds in the amounts of $861.50 and $2,458, respectively, as compensation for hurricane damage to the other properties. The insurance proceeds were less than the amount of the damage or property loss caused by the hurricane. On October 11, 1945, the *324 petitioner leased the Dorset Hotel to the Dorset Operating Corporation pursuant to a lease agreement that obligated the petitioner to restore and rehabilitate the premises to the condition in which they existed at the time the Government took possession. On or about December 1, 1945, the lessee accepted an allowance of $20,000 on the lease in lieu of the petitioner's obligation to restore and rehabilitate the premises. The lessee entered into possession on or about December 1, 1945. The petitioner purchased the Dorset Hotel on October 15, 1943, for $157,665.35 which was allocated as follows: $112,665.35 to the building; $20,000 to the furnishings, and $25,000 to the land. The property had an estimated life of 33 1/3 years for the building and 10 years for the furnishings. The petitioner's adjusted basis for the property was in excess of the total proceeds in the amount of $33,458.65 received as compensation for damages to the property. The $26,945 sum received from the Government and the hurricane insurance proceeds for the damage to the Dorset Hotel in the amount of $6,513.65, as well as the $3,319.50 received as insurance proceeds for hurricane damage to other property, were *325 credited to an account on petitioner's books entitled "Rehabilitation Fund". The $20,000 sum the petitioner allowed its lessee, the Dorset Operating Corporation, and a $550 sum spent in repairing hurricane damage to Amsterdam Palace were debited to that account. The petitioner realized no gain upon the receipt in the taxable year 1946 of compensation from the Government and insurance proceeds for damage to the Dorset Hotel. The petitioner received $5,179 from its lessee, the Dorset Operating Corporation, on or about May 1, 1946. At about that date, the lessee was negotiating a sublease of the hotel property, including the inventory of personalty. In its lease agreement with the petitioner, the lessee had inadvertently acknowledged the receipt of some items of personalty which were listed in the inventory but were in fact missing. To facilitiate the subleasing of the property which, under the lease with the petitioner, could not be subleased without the petitioner's permission, and also because it believed it was obligated in some way to restore the missing inventory by virtue of having acknowledged receipt of it, the lessee corporation paid $5,179 to the petitioner. The $5,179 *326 sum received by the petitioner from its lessee, the Dorset Operating Corporation, during the taxable year 1947 was taxable income. Opinion ARUNDELL, Judge: The principal question is whether the petitioner realized gain upon the receipt of compensation for damage to its hotel property known as the Dorset Hotel. The pertinent provision for determining whether gain was realized is section 111(a), Internal Revenue Code, which provides that "The gain from the sale or other disposition of property shall be the excess of the amount realized therefrom over the adjusted basis provided in section 113(b) for determining gain * * *" Pioneer Cooperage Co. v. Commissioner, 53 Fed. (2d) 43, affirming 17 B.T.A. 119, certiorari denied, 284 U.S. 686. The issue as framed by the parties is whether gain was realized upon the receipt of proceeds for damages to the single, undivided unit of real and personal property known as the Dorset Hotel. That is, the damages and the compensation received therefor have been considered with reference to the property as a whole and no attempt has been made to allocate the damages or the compensation to *327 parts of this unit of property. Hence, we are not confronted with the problem whether separate treatment is proper or practical. As set forth in detail in our findings, the petitioner in 1946 received $26,945 from the Government as compensation for damages to its hotel caused by the Government's occupancy as lessee, and $6,513.65 as insurance compensation for hurricane damage to the hotel. The proceeds are less than the respective damages for which they were compensation and, when totaled, are less than the petitioner's adjusted basis for the damaged hotel. Applying section 111(a) of the Code to these facts, we conclude that since the proceeds were not in excess of the adjusted basis of the hotel, no gain was realized. Pelican Bay Lumber Co., 9 B.T.A. 1024, affirmed, 31 Fed. (2d) 15, certiorari denied, 279 U.S. 870; Lehigh & Hudson River Railway Co., 13 B.T.A. 1154, affirmed, 36 Fed. (2d) 719, modified, 38 Fed. (2d) 1015, certiorari denied, 281 U.S. 748; Raytheon Production Corp. v. Commissioner, 144 Fed. (2d) 110, affirming 1 T.C. 952, certiorari denied, 323 U.S. 779. *328 Since no gain was realized, we need not consider the alternative issues arising under the question whether the non-recognition of gain provisions contained in section 112(f) of the Code are applicable or have been complied with. These provisions for the non-recognition of gain are not pertinent to transactions such as this where no gain has been realized. We, therefore, hold that the petitioner realized no gain upon the receipt in the taxable year 1946 of compensation from the Government and insurance proceeds [1] for damage to the Dorset Hotel. Section 111(a), Internal Revenue Code. The second issue is whether the $5,179 sum received by the petitioner *329 in the taxable year 1947 from its lessee, the Dorset Operating Corporation, was taxable income as determined by the respondent. The petitioner contends this sum was received as compensation for an inventory shortage but has not submitted sufficient evidence to support this contention. The petitioner's own witness, the secretary of the Dorset Operating Corporation, who represented the corporation in leasing the hotel from the petitioner and also in subleasing it to others, testified that the inventory shortage existed at the time the property was leased from the petitioner. He explained that the lessee corporation nevertheless paid the petitioner for the alleged shortage to facilitate its plans for subleasing the property. Also, the representatives of the lessee corporation felt that the corporation was bound in some way because it had acknowledged the receipt of the missing inventory items at the time the hotel was leased from the petitioner. We, therefore, hold that the sum of $5,179 received by the petitioner from the Dorset Operating Corporation in the taxable year 1947 was taxable income. The parties have stipulated that for the taxable year 1946 the respondent correctly disallowed *330 a deduction in the amount of $193.85 for depreciation; that the correct allowance for commissions paid on leasing the Dorset Hotel is $581.89 (and $2,327.58 for the taxable year 1947); that the petitioner is entitled to a deduction in the amount of $100 for a commission paid in connection with the settlement of certain insurance and other claims; and that the petitioner is entitled to an additional deduction in the amount of $352.40 for repairs on the Dorset Hotel and this amount should be added to the $13,021.43 balance in the rehabilitation fund. The parties will give effect to their stipulations in the computation under Rule 50. Decision will be entered under Rule 50. Footnotes
1. Although respondent on brief directed his argument solely to the compensation received from the Government, it seems the deficiency was based in part on the insurance proceeds since they are apparently included in the balance in the rehabilitation account referred to in the notice of deficiency. In any event, it is not material whether or not the deficiency was based in part on those proceeds since either alternative does not affect the conclusion we have reached. No gain was realized in either event.↩